UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,   CIVIL ACTION NO.:

      Plaintiff,   HONORABLE:

vs.

RUTH N. SALTER
AKA RUTH SALTER

      Defendant,

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant entered into and signed a Guaranteed Student Loan Promissory Note in Wayne County, Michigan within the jurisdiction of this Court, to borrower money from the United States of America, a copy of the Promissory Note is attached hereto as Exhibit "A".

3. The defendant is a resident of Pasco County, Florida and may be served with service of process at 5844 Summit Lane, Wesley Chapel, FL 33545-4342.

### The Debt – Account No. 1999A15474

4. The debt owed to the United States of America is as follows:

    A. Current Principal *(after application of all prior payments, credits, and offsets)*    $2,708.62

    B. Current Capitalized Interest Balance and Accrued Interest    $2,075.05

    C. Administrative Fee, Costs, Penalties    $5.00

|   |   |   |
|---|---|---|
| D. | Accrued Capitalized Interest since February 5, 1999 | $3,205.96 |
| E. | Credits previously applied *(Debtor payments, credits, and offsets)* | $320.00 |
| **Total Owed** | | **$7,674.63** |

The Certificate of Indebtedness, attached as Exhibit "B", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 8% per annum.

### **Failure to Pay**

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

   A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

   B. For attorney's fees to the extent allowed by law;

   C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

   D. For such other relief which the Court deems proper.


                    Respectfully submitted,

              By:   */s/ Craig S. Schoenherr, Sr.*
                    CRAIG S. SCHOENHERR, SR. (P32245)
                    Attorney for Plaintiff
                    O'Reilly Rancilio PC
                    12900 Hall Rd Ste 350
                    Sterling Heights, MI  48313
                    Phone: (586) 726-1000
                    Fax: (586) 726-1560
                    cschoenherr@orlaw.com

### A. IMPORTANT – READ THIS INFORMATION CAREFULLY

The terms "I" and "me" refer to the borrower.

Your SSN: 3505
Your Address: 18410 [redacted]
Your City/State/ZIP: Detroit, MI 48219

1. I will read the Promissory Note before I take it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or HEAF.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan   c) the dollar amount of the origination fee I will pay   e) my disbursement schedule (when I will get my loan checks)
   b) the interest rate I will pay   d) the dollar amount of the guarantee fee I will pay   f) how long my grace period will be
   Some of the terms on my Disclosure Statement may be different from what they are on this Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash any loan checks.
   I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

### B. PROMISE TO PAY

I, **Ruth Salter** (Print Your Name as Borrower), promise to pay to the order of **First Bank (N.A.)** (Print Your Lender's Name), **Milwaukee, WI** (Print Your Lender's City and State)

All of the following amounts:
1) The entire Loan Amount Requested or such lesser amount as is loaned. LOAN AMOUNT REQUESTED $ **2500.00**
2) Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 5%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as my other loan(s). If I have no outstanding Guaranteed Student Loan, my applicable interest rate on this loan will be 8%.
I further understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described in Section D below and (c) during the time my loan payments are deferred as allowed by Section F below.
3) The Guarantee Fee which is .75% per annum of the Loan Amount for the anticipated in-school period plus six months; the fee will be deducted from the initial disbursement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive, but will, at the lender's option, be applied to my loan balance or be returned to me.
4) The Origination Fee which will be deducted from the proceeds of the loan. The fee may not exceed 5 percent of the Loan Amount. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive.

### C. GENERAL
I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note are in accordance with, Sub-chapter IV, Part 5 of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of the HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

### D. REPAYMENT
I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).
1) The Secretary will pay the interest that accrues on this loan during the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accrues during the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of HEAF governing the GSLP. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   a) The lender may require a repayment period shorter than five years to ensure that the payments on all my loans GSL and PLUS, including those of my spouse, are at least $600.00 per annum or, the unpaid principal balance whichever is less. These terms apply to all holders of my loans GSL and PLUS.
   b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5, 10, and 15 year periods mentioned above.
4) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
5) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section without further approval; however, the lender must inform me of this action at my most recent address that I have provided to the lender.
6) My obligation to repay this loan will be evidenced by a separate document known as the Repayment Schedule which will be sent to me before the repayment period begins.

### E. PREPAYMENT
At my option and without penalty I may prepay all or part of the unpaid principal balance of this Note. Any prepayment will be applied first to charges due and then to the principal. If prepayment is calculated by a method other than the actuarial method, I am entitled to a rebate of any unearned interest that has been paid. Such rebate will be calculated by the same method by which charges of the loan were computed.

### F. DEFERMENT
I understand that in certain instances authorized by the Act, the payments I am required to make under Section D may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including without limitation, submission of required forms to the lender.

### G. MODIFICATION OF REPAYMENT TERMS
If I am unable to repay this loan in accordance with the terms established under Section D of this Note, I may ask the lender to modify these terms in the manner described further on the reverse side. I also note I understand that a modification may not in any case extend this loan beyond a Deferment Section F, and that I will remain responsible for payment of interest during the period in which the lender may fail to collect from me any periodic payment, but may not add this to the principal balance of the loan.

### H. ACCELERATION & DEFAULT
If I default on this loan, the lender may declare the entire unpaid balance of the loan, including interest and applicable late charges, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and REPAYMENT in this Promissory Note. Under HEAF regulations governing the GSLP, any of the following events is a default:
1) Failing to make any payment when due
2) Making any false representation for the purposes of obtaining this loan
3) Using the loan proceeds for other than educational purposes
4) Failing to enroll in the school that completed the application for the time identified as my loan period
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address

If I fail to make any payment when due, I will also pay all charges and other costs – including attorney's fees – that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to HEAF. I will then be required to pay HEAF all amounts owed.

### CREDIT BUREAU NOTIFICATION
The guarantor may report the default to credit bureau organizations and adversely affect my credit rating. The lender must provide that I have the right to any credit bureau organization upon my request if I feel otherwise. The lender may disclose information about the status of this loan to any credit bureau.

### LATE CHARGES
If permitted by law, the lender may collect a late charge if any part of an installment payment is not paid within 10 days of when due, or if I fail to provide documentation that I am entitled to have the payment deferred under DEFERMENT in this Promissory Note. A late charge may not exceed the permitted amount.

### NOTICE TO BORROWER
a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT
b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE
c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY
d) IF YOU HAVE AN ABSOLUTE RIGHT TO CANCEL THIS LOAN, DO NOT CASH THE LOAN CHECK AND CONTACT YOUR LENDER.

Sign Your Name: **Ruth Salter**   Today's Date: **4-2-86**

XXXXXXXXXX (Your Lender's Signature)

SALTER, RUTH N
CLAIM NO 1993CSCC7C894 C2-02-93
SSN [redacted]-3505   TD   1

**EXHIBIT A**

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the ACT the payments that I am required to make under Section D may be deferred. Payment of principal on my loan will be deferred after the repayment period begins, because of circumstances listed below, provided I comply with the procedural requirements set forth in the regulations governing the GSLP.

1. While I am enrolled —
   A. Full-time at an institution that is participating in the GSLP (however, only citizens or nationals may attend schools outside the U.S.);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g. the service academies);
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.

2. For periods not exceeding 3 years for each of the following while I am —
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA);
   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, while performing service which is comparable to service performed in the Peace Corps or ACTION programs; or
   E. Temporarily totally disabled, as established by an affidavit of a qualified physician, or unable to secure employment because I am providing care required by my spouse who is temporarily totally disabled, as established by an affidavit of a qualified physician.

3. For a period not exceeding 2 years while I am serving in an internship that is required for me to gain professional recognition required to begin professional practice or service.

4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

## MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify these terms. The lender may, but is not required to, allow any of the following:

1) A short period of time in which payments are waived.
2) A reasonable extension of time for making payments.
3) Making smaller payments than were originally scheduled.

I understand that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

## REPAYMENT BY DEPARTMENT OF DEFENSE

Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P.L. 96-342, 10 U.S.C. 2141, note.)

Questions concerning the program should be addressed to the local Service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

I declare under penalty of perjury that the foregoing is a true and correct copy of the original promissory note.

Signature: _Carey L Dubin_

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE
_Lou Bell_   2-8-99
DATE

## U.S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

Ruth N. Salter
Ruth Salter
18410 Stout St.
Detroit, MI  48219

SSN: XXX-XX-3505

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 02/05/99.

On or about 04/02/86, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 from First Bank (N.A.) - Milwaukee, WI at 8% percent interest per annum. This loan obligation was guaranteed by Northstar Guarantee, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 07/01/88, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,708.62 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 02/02/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $150.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,708.62 |
| Interest: | $2,075.05 |
| Administrative/Collection Costs: | $    0.00 |
| Late fees: | $    5.00 |
| Total debt as of 02/05/99: | $4,788.67 |

Interest accrues on the principal shown here at the rate of $0.59 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 2-16-99

Name: [signature]
Title:    Loan Analyst
Branch:  Litigation Branch



EXHIBIT B